**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DALE SMITH on behalf of himself and all others similarly situated, | Civil Case No.: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| FEIN, SUCH, KAHN, & SHEPARD, P.C.; and JOHN DOES 1-25. | |
| Defendant(s). | |

Plaintiff, DALE SMITH (hereinafter "SMITH") on behalf of himself and all others similarly situated (hereinafter "Plaintiffs") by and through his undersigned attorneys, alleges against the above-named Defendants, FEIN, SUCH, KAHN, & SHEPARD, P.C., (hereinafter "FEIN SUCH"), and John Does 1-25, collectively ("Defendants") their employees, agents, and successors the following:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress enacted the FDCPA in 1977 after noting the abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors. The FDCPA aims to eliminate abusive practices by debt collectors and provide debtors with a private cause of action against debt collectors who fail to comply

with the Act. *See* 15 U.S.C. 1692 *et seq.* <u>Rosenau v Unifund Corp.</u>, 539 F.3d 218, 221 (3rd Cir. 2008); <u>Brown v. Card Service Center</u>, 464 F.3d 450, 453 (3rd Cir. 2006).

3. Because the FDCPA is a remedial statute, the Third Circuit construes its language broadly, so as to effect its purpose. *See* <u>Brown</u>, 464 F.3d at 453; <u>Matter of Stroh v Director, OWCP</u>, 810 F.2d 61, 63 (3rd Cir. 1987).

4. The FDCPA regulates the behavior of debt collectors attempting to collect a debt on behalf of another.

5. The FDCPA is not concern with whether the consumers owes the debt, rather, "[a] basic tenet of the ACT is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *FTC v. Check Investors, Inc.*, 502 F.3d 159, 165 (3d. Cir 2007)(internal citations omitted).

6. "Congress also intended the FDCPA to be self-enforcing by private attorney general." *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d Cir. 2004).

7. Except where the Act expressly makes knowledge or intent an element of the violation, the "FDCPA is a strict liability statute." *Allen ex rel. Martin v. LaSalle Bank, N.A.*, 629 F.3 364, 368 (3d Cir. 2011) (citing in footnote 7, supporting authorities from the Second, Seventh, Ninth and Eleventh Circuits).

8. A debt collector who violates any provision of the FDCPA is liable for "additional damages" (also called statutory damages") up to $1,000.00 and attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a). The absence of actual damages is not a bar to such actions as "Congress may enact statutes creating legal rights, the invasion of which

creates standing, even through no injury would exist without the statute." *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n3 (1973).

9. The violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact; in such a case, a plaintiff need not allege any *additional* harm beyond the one identified by Congress, *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (1026) citing *Federal Election Comm'n v. Akins,* 524 U.S. 11, 20–25, 118 S.Ct. 1777, 141 L.Ed.2d 10.

10. Plaintiff seek statutory damages, attorneys' fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA and all other common law or statutory regimes. Plaintiff requests an award of statutory, common law, punitive, and/or actual damages payable by Defendant.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

12. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

13. As used in reference to the FDCPA, the terms "creditor," "communication" "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

14. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

15. Plaintiff, SMITH, is a natural person and a resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

16. FEIN SUCH is a law firm with offices located at 7 Century Drive, Suite 201, Parsippany, New Jersey 07054.

17. Upon information and belief, FEIN SUCH is primarily in the business of collecting debts allegedly due to another and is therefore a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6).

18. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from FEIN SUCH which are in violation of the FDCPA, as described in this Complaint.

20. This Action is properly maintained as a statewide class action. The Class consists of:

> All New Jersey consumers who were sent collection letters and/or notices from FEIN SUCH, attempting to collect debt(s) allegedly owed to another, which included the alleged conduct and practices described herein.
>
> <u>The class definition may be subsequently modified or refined</u>.
>
> <u>The Class period begins one year to the filing of this Action</u>.

21. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

22. Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

23. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a. Whether Defendants violated various provisions of the FDCPA;

   b. Whether Plaintiff and the Class have been injured by Defendants' conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

24. Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

25. Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

26. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

27. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

28. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

29. Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

30. On or before December 17, 2019, Plaintiff incurred a financial obligation to SOUTH ORANGE CHIROPRACTIC CENTER, LLC, ("SOCC").

31. The SOCC obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

32. The SOCC obligation arose out of a transaction, which was for non-business purposes.

33. The SOCC obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

34. Plaintiff are at all times relevant to this lawsuit, SMITH was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

35. On or before December 17, 2019 SOCC placed and/or referred the SOCC obligation with FEIN SUCH for the purpose of collection.

36. At the time SOCC placed and/or referred the SOCC obligation with FEIN SUCH for the purpose of collection, such obligation was past due.

37. At the time SOCC placed and/or referred the SOCC obligation with FEIN SUCH for the purpose of collection, such obligation was in default.

38. On or about December 17, 2029, FEIN SUCH caused to be mailed to SMITH a letter concerning the SOCC obligation. A copy of said letter is annexed hereto as Exhibit A, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy.

39. The December 17, 2029 letter to SMITH stated in part:

> Dale Smith
> XXXXXX St.
> XXXXXXXX, NJ XXXXX
>
> Re:   Creditor: South Orange Chiropractic Center
> Principal Due:                                              $1,188.00
> Attorney's Fees:                                              <u>$395.96</u>
> Balance Due:                                                 $1,583.96
>
> Our File No.: xxxxx914

40. Upon receipt, SMITH read the December 17, 2019 letter.

41. The "Attorney's Fees" of $395.96 represents the contingency fee agreement between FEIN SUCH and SOCC rather than a pre-paid, flat fee.

42. As of December 17, 2019, FEIN SUCH had not collected and monies from SMITH

43. As of December 17, 2019, SMITH did not owe $395.96 of attorney's fees to SOCC.

44. SMITH did not agree to pay prospective or estimated attorney's fees.

45. At the time FEIN SUCH sent the December 17, 2019 letter, SMITH did not owe SOCC attorney's fees in an amount of $395.96.

46. At the time FEIN SUCH sent the December 17, 2019 letter to SMITH, it had not billed SOCC for attorney's fees in an amount of $395.96, relative to the collection of the debt.

47. At the time FEIN SUCH sent the December 17, 2019 letter to SMITH, it had not charged SOCC attorney's fees in an amount of $395.96, relative to the collection of the debt.

48. At the time FEIN SUCH sent the December 17, 2019 letter to SMITH, SOCC had not paid attorney's fees to FEIN SUCH in an amount of $395.96, relative to the collection of the debt.

49. At the time FEIN SUCH sent the December 17, 2019 letter to SMITH, SOCC had not been awarded attorney's fees by any Court in any jurisdiction, relating to the debt.

50. At the time FEIN SUCH sent the December 17, 2019 letter to SMITH, FEIN SUCH had not filed an action in any court in any jurisdiction, related to the debt.

51. Upon information and belief, members of the class have made payment of attorney's fees, which were not due and owing.

52. Within the period beginning on the day one year prior to the date this Complaint is filed to the present, FEIN SUCH sent collection letters attempting to collect debts to more than 40 consumers residing within the State of New Jersey similar to the letter annexed hereto as Exhibit A.

53. FEIN SUCH'S actions as described herein are part of a pattern and practice used to collect consumer debts.

54. FEIN SUCH could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

55. It is FEIN SUCH'S policy and practice to send written collection communications, in the form annexed hereto that violate the FDCPA, by *inter alia*:

    a. Failing to accurately state the amount of the alleged debt;

    b. Attempting to collect attorney's fees when no such fees were due to Defendants;

    c.    Using false, deceptive or misleading representations or means in connection with the collection of any debt;

    d.    Depriving consumers of their right to receive the necessary and accurate information as to the true amount of the alleged debt;

    e.    Depriving consumers of their right to receive the informational content as to amount of potential additional costs;

    f.    Depriving consumers of their right to receive the necessary and accurate information as to the true character, amount, and legal status of the alleged debt; and

    g.    Causing consumers to suffered a risk of economic injury.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

56. Plaintiff repeats the allegations contained in paragraphs 1 through 55 as if the same were set forth at length herein.

57. Collection letters and/or notices such as those sent by FEIN SUCH, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

58. FEIN SUCH violated 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications to Plaintiff and others similarly situated.

59. FEIN SUCH violated 15 U.S.C. § 1692e of the FDCPA by using a false, deceptive or misleading representation or means in connection with its attempts to collect the alleged debts from Plaintiff and other similarly situated.

60. SMITH suffered an informational injury due to FEIN SUCH'S violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to SMITH.

61. SMITH suffered a risk of economic injury due to FEIN SUCH'S violation of 15 U.S.C. § 1692e of the FDCPA in connection with its communications to SMITH.

62. By stating in its collection letters to SMITH and other similarly situated that and "AMOUNT DUE" which included "Attorney's Fees", when in fact if any attorney's fees are due at all, the amount of such fee is based on a percentage of the amount of the debt *collected* and not based on the amount referred for collections, FEIN SUCH used false, deceptive, misleading representations or means in connection with its attempts to collect the alleged debts from SMITH and other similarly situated, in violation of 15 U.S.C. § 1692e *et seq*.

63. SMITH suffered an informational injury due to FEIN SUCH'S violation of 15 U.S.C. §1692e of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from SMITH.

64. SMITH suffered a risk of economic injury due to FEIN SUCH'S violation of 15 U.S.C. §1692e of the FDCPA by using false, deceptive and misleading representation means in connection with its attempts to collect a debt from SMITH.

65. By demanding an amount for "Attorney's Fees" in its collection letters to SMITH and other similarly situated when said collection costs were not yet, if at all, due FEIN SUCH violated various provisions of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

66. By representing to SMITH and other similarly situated that an amount was due for "Attorney's Fees" in its collection letters when such fee were not yet, if at all, due pursuant to the underlying contracts or were not permitted by law, FEIN SUCH violated various provision of the FDCPA, including but not limited to, 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692f, and 15 U.S.C. § 1692f(1).

67. FEIN SUCH violated 15 U.S.C. § 1692e(2)(A) if the FDCPA by falsely representing the charter, amount or legal status of the alleged debt in its collection letters to SMITH and others similarly situated.

68. SMITH suffered an informational injury due to FEIN SUCH'S violation of 15 U.S.C. 1692e(2)(A) of the FDCPA by making a false representation of the character, amount or legal status of the debts.

69. SMITH suffered a risk of economic injury due to FEIN SUCH'S violation of 15 U.S.C. 1692e(2)(A) of the FDCPA by making a false representation of the character, amount or legal status of the debts.

70. FEIN SUCH violated 15 U.S.C. § 1692e(10) of the FDCPA by using a false representation or deceptive means to collect or attempt to collect a debt from SMITH and other similarly situated.

71. SMITH suffered an informational injury due to FEIN SUCH'S violation of 15 U.S.C. § 1692e(10) of the FDCPA in connection with its communications to SMITH.

72. SMITH suffered a risk of economic injury due to FEIN SUCH'S violation of 15 U.S.C. § 1692e(10) of the FDCPA in connection with its communications to SMITH.

73. FEIN SUCH violated 15 U.S.C. § 1692f of the FDCPA by using unfair and unconscionable means to collect or attempt to collect a debt from SMITH and others similarly situated.

74. FEIN SUCH violated 15 U.S.C. § 1692f(1) of the FDCPA by collecting or attempting to collect an amount that was not expressly authorized by the agreement creating the alleged debt or by law.

75. SMITH suffered a risk of economic injury due to FEIN SUCH'S violation of 15 U.S.C. 1692f(1) of the FDCPA by making a false representation of the character, amount or legal status of the debts.

76. By reason thereof, FEIN SUCH is liable to SMITH and other similarly situated for declaratory judgment that FEIN SUCH'S conduct violated Section 1692g *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against FEIN SUCH as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and, Joseph K. Jones, Esq., as Class Counsel;

(b) Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia,* engaging in conduct and practices that are in violation of the FDCPA;

(c) Issuing a declaratory Order requiring Defendants to make corrective disclosures;

(d) Awarding Plaintiff and the Class statutory damages;

(e) Awarding Plaintiff and the Class actual damages;

      (f)      Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

      (g)      Awarding pre-judgment interest and post-judgment interest; and

      (h)      Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: Fairfield, New Jersey
       May 15, 2020

                                  /*s/ Joseph K. Jones*
                                  Joseph K. Jones, Esq.
                                  JONES, WOLF & KAPASI, LLC
                                  375 Passaic Avenue, Suite 100
                                  Fairfield, New Jersey 07004
                                  (973) 227-5900 telephone
                                  (973) 244-0019 facsimile
                                  jkj@legaljones.com

                                  /*s/ Benjamin J. Wolf*
                                  Benjamin J. Wolf, Esq.
                                  JONES, WOLF & KAPASI, LLC
                                  375 Passaic Avenue, Suite 100
                                  Fairfield, New Jersey 07004
                                  (973) 227-5900 telephone
                                  (973) 244-0019 facsimile
                                  bwolf@legaljones.com

                                  *Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                                  /*s/ Joseph K. Jones*
                                  Joseph K. Jones

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Joseph K. Jones, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: May 20, 2020

*/s/ Joseph K. Jones*
Joseph K. Jones

# Exhibit A

| | | |
|---|---|---|
| ALAN F. SUCH<br>HENRY H. FEIN<br>PHILIP A. KAHN<br>JAMES E. SHEPARD<br>GREGG P. TABAKIN<br>ERIC S. KAPNICK<br>VINCENT DiMAIOLO, JR.<br>MARIO A. SERRA, JR.<br>PETER R. DAY (1957-1990) | **FEIN, SUCH, KAHN & SHEPARD, P.C.**<br>COUNSELLORS AT LAW<br>7 CENTURY DRIVE, SUITE 201<br>PARSIPPANY, NEW JERSEY 07054<br>(973) 867-4541<br><br>FACSIMILE (973) 644-3287 | *Of Counsel*<br>PHILIP I. LEVITAN (ext. 329)<br>HARRY FRIELAND (ext. 3394)<br><br>BRIAN P.S. MCCABE (ext. 183)<br>TATIANA CESPEDES (ext. 125)<br>DAVID J. LEVINE (ext. 126)<br>ALVIN L. DARBY (ext. 212)<br>SYLVIA GOLDBLATT (ext. 293) |

December 17, 2019

Dale Smith
████████████

Re: Creditor: South Orange Chiropractic Center
Principal Due: $1,188.00
Attorney's Fees: $395.96

Balance Due $1,583.96

Our File No.: ████914

Dear Sir/Madam:

This office represents South Orange Chiropractic Center for the collection of the above debt from the consumer.

The consumer's contact with this office is J.C. at the number listed above, Ext-2147 between the hours of 8:30AM and 5:30PM., Monday through Friday.

Unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. If the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. Upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

**This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

Very truly yours,

FEIN, SUCH, KAHN & SHEPARD, P.C.

By: _____
Philip A. Kahn